UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CRAIG JACKSON,

    Plaintiff,

v.                                                                    Case No: 2:16-cv-831-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Craig Jackson seeks judicial review of the denial of his claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED**.[1]

### I. Issue on Appeal[2]

Plaintiff raises one issue on appeal: whether the Administrative Law Judge ("ALJ") properly assessed medical source opinions.

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge. Docs. 16, 18.

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

## II. Summary of the ALJ's Decision

On April 10, 2012, Plaintiff filed applications for DIB and SSI, alleging his disability began February 2, 2012 due to tardive dyskinesia and bipolar disorder. Tr. 74, 219. On March 27, 2015, ALJ Joseph L. Brinkley issued a decision finding Plaintiff not disabled. Tr. 14-22. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act on February 2, 2012, the alleged onset date, and remained insured throughout the period of the decision. Tr. 16. The ALJ also found Plaintiff has not engaged in substantial gainful activity since February 2, 2012. *Id.* Although the ALJ determined Plaintiff has several severe impairments, he concluded that Plaintiffs condition "has not met or medically equaled a listing in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 16-17. The ALJ then held Plaintiff has the RFC to perform light work[3] with certain limitations. Tr. 17. Next, the ALJ found that Plaintiff has been unable to perform his past relevant work. Tr. 21. The ALJ found a significant number of jobs existed for Plaintiff in the national economy within twelve months of February 2, 2012. *Id.*

---

[3] The regulations define light work as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, [it is determined] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

### III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[4] Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the

---

[4] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Green v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 516, 521 (11th Cir. 2017) (declining to apply SSR 16-3p retroactively to the ALJ's decision); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

### IV. Discussion

*Whether the ALJ properly assessed medical source opinions*

At issue here are the opinions of two physicians, Robert Cross, M.D., a cardiologist who treated Plaintiff from June 10, 2013 to February 14, 2014, and a state agency medical consultant, James Patty, M.D. Tr. 96-99, 559-88, 657-59, 710-19. As accurately summarized by the ALJ, on August 9, 2012, Dr. Patty assessed Plaintiff's RFC and found:

> [Plaintiff] should avoid even moderate exposure to hazards and that he could not climb ladders, ropes or scaffolds, but that he could lift, carry, push or pull twenty pounds occasionally and ten pounds frequently, sit six hours in an eight-hour day, frequently stoop and kneel, and occasionally balance and climb stairs or ramps (Exhibit 3A/10-12).

Tr. 18, 96-99. On November 13, 2014, Dr. Cross completed a RFC questionnaire indicating:

> among other things that [Plaintiff] could not crouch, crawl or climb, be exposed to pulmonary irritants, marked temperature changes or unprotected heights, or operate a motor vehicle, but that he could lift or carry twenty pounds occasionally and ten pounds frequently (Exhibit 19F).

Tr. 18, 657-58. The ALJ accorded great weight to these findings because "they are consistent with the record as a whole." Tr. 18. The ALJ incorporated these limitations opined by Drs. Cross and Patty into his RFC findings by holding:

> [Plaintiff] can stand or sit each for two hours at a time without interruptions, after which time he would need the option of changing positions for 15 minutes before returning to either sitting or standing. He can sit for a total of 6 hours in an 8-hour workday with interruptions and regularly scheduled breaks, and can stand and walk for a combined total of 6 hours in an 8-hour workday with interruptions and regularly scheduled breaks. He will need to remain at the workstation when not on regularly scheduled breaks; and can occasionally engage in pushing and pulling with the upper extremities. He can occasionally balance, stoop, kneel and climb stairs or ramps and can never crawl or climb ladders, ropes or scaffolds. He must avoid concentrated exposure to greater than office-type noises; avoid operating motor vehicles; and avoid even moderate exposure to pulmonary irritants, humidity, extreme temperatures, wetness, vibrations and workplace hazards that would include unprotected heights, dangerous machinery and uneven terrain. [Plaintiff] is limited further to occasional, superficial contact with the general public, occasionally engaging in team or tandem work and to the low-stress occupations- defined as not requiring high-volume production quotas or fast-paced assembly lines.

Tr. 17. Plaintiff does not contest the ALJ's decision to accord great weight to certain findings of Drs. Patty and Cross, or the ALJ's RFC determination. Doc. 21.

Next, the ALJ discussed the following RFC findings of Drs. Patty and Cross:

> Dr. Cross also opined that [Plaintiff] could not stoop or kneel, that he could not push or pull with his upper extremities, and that he could only sit four hours in an eight-hour day, stand one to two hours in an eight-hour day, and walk one to two hours in an eight-hour day (Exhibit 19F). Dr. Patty further opined that [Plaintiff] could only stand and/or walk a total of two hours in an eight-hour day (Exhibit 3A/10).

Tr. 19, 97, 657-658. The ALJ accorded little weight to these portions of the opinions because "they are inconsistent with exam and stress test results obtained in the post-2012 period," and with Plaintiff's reports to his treating sources. Tr. 19. Plaintiff

argues the ALJ erred by according little weight to the opinions of Drs. Cross and Patty, and substantial evidence does not support the ALJ's reasons for according little weight. Doc. 21 at 14-18. The Commissioner responds substantial evidence supports the ALJ's RFC findings. Doc. 22 at 5-13.

The Court finds the ALJ was not required to accord any weight to the RFC findings of Drs. Cross and Patty. Tr. 96-99, 657-59. The Eleventh Circuit has held that "[a] claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012). The regulations also provide that the Commissioner "will not give any special significance to the source of an opinion on issues reserved to the Commissioner. . . ." 20 C.F.R. § 404.1527(d)(2); *see* SSR 96-6p, 1996 WL 374180 (July 2, 1996).

Furthermore, the ALJ "may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (citation omitted). Accordingly, an ALJ may accord less than substantial weight to a treating physician's opinion, if good cause is shown. *Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Here, the ALJ's finding that the evidence of record does not support Dr. Cross' opinion constitutes appropriate good cause to accord little weight to the opinion of Dr. Cross. Tr. 19; *see Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241); *Sharfarz*, 825 F.2d at 280. The ALJ also properly articulated the weight given to the opinion of Dr. Patty, as he was

required to do for other consultants, doctors or medical specialists, for the reasons clearly stated in his decision. Tr. 19; 20 C.F.R. § 404.1527(e)(2)(ii); *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006).

The Court also finds substantial evidence supports the ALJ's reasons for according little weight to certain findings of Drs. Patty and Cross. Tr. 19. As the ALJ correctly noted, the results of cardiovascular exams performed by treating sources after November 2012 were unremarkable. Tr. 18, 564, 574, 584, 602, 611, 615, 620, 628, 634, 675, 686, 714, 754, 771, 784, 799, 813, 826, 837, 847, 856, 865, 873, 883. Plaintiff's stress test conducted on June 4, 2014 did not reveal any inducible ischemia. Tr. 18, 622. Furthermore, the ALJ accurately noted Plaintiff complained of mild, short chest pain in June 2013, but denied this pain in August 2013. Tr. 20, 572, 581. On February 14, 2014, Plaintiff reported to Dr. Cross one episode of chest pain with travel, which was resolved by taking one medication. Tr. 562. Kiran Kumar Mangalpally, M.D., who examined Plaintiff during his emergency room visit on October 9, 2014, found Plaintiff's chest pain was non-cardiac. Tr. 605-06. Accordingly, the Court finds substantial evidence supports the ALJ's reasons for according little weight to the RFC findings of Drs. Patty and Cross. Tr. 19.

To the extent contradictory evidence exists, the assessment of conflicting evidence was within the ALJ's discretion because "when there is credible evidence on both sides of an issue it is the Secretary, acting through the ALJ, and not the court, who is charged with the duty to weigh the evidence and to determine the case accordingly." *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (citing

*Richardson*, 402 U.S. at 389-409). Accordingly, the Court finds substantial evidence supports the ALJ's decision to accord little weight to the opinions of Drs. Cross and Patty and his reasons for doing so.

### V. Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record